652 A.2d 824

Linda CALLSEN (Seeley), Individually and as Administratrix of the Estate of Elizabeth Callsen, Deceased, and on Behalf of Frank Callsen and Michael Callsen

v.

TEMPLE UNIVERSITY HOSPITAL, Cheltenham York Nursing Home, Herbert Secoular, D.O., Raymond Hancock, Hancock Funeral Home, Ltd., Humanity Gifts Registry, Alan Koff, D.O., Marvin Schatz, D.O., Albert Einstein Medical Center, Amy Fitzsimmons, M.D., and Annette Petrie, R.N.

Appeal of HUMANITY GIFTS REGISTRY.

Cross Appeal of TEMPLE UNIVERSITY HOSPITAL.

Supreme Court of Pennsylvania.

Argued Oct. 20, 1994.

Decided Jan. 18, 1995.

George F. Bihn, III, Erdenheim, Ernest D. Preate, Jr., Harrisburg, for Humanity Gifts Registry.

Richard E. Geschke, Linda A. Carpenter, Philadelphia, for Temple University Hosp.

Jamie L. Sheller, George J. Badey, III, Philadelphia, for Callsens.

Dennis L. Platt, Philadelphia, for Cheltenham York Nursing Home.

Susan Zemble Rees, Daniel F. Ryan, III, Plymouth Meeting, for H. Secoular.

Cy Goldberg, Amy L. Currier, Philadelphia, for Einstein Medical Center, Fitzsimmons, M.D. & Petrie, R.N.

Jonathan Kirk Miller, Philadelphia, for Burden, M.D. & St. Joseph Hosp.

Jane H. Ring, for Koff, D.O. & Schatz, D.O.

Eugene P. Feeney, George L. Young, Jr., Philadelphia, for Chase, M.D.

Michael P. McKenna, Wynnewood, for Hancock Funeral Home & R. Hancock.

Before FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

### ORDER

PER CURIAM:

Appeals dismissed as having been improvidently granted.

NIX, C.J., did not participate in the consideration or decision of this case.

MONTEMURO, Senior Justice, who is sitting by designation, files a dissenting statement in which CAPPY, J., joins.

MONTEMURO, Justice, dissenting.

The majority today chooses to let stand a decision of the Commonwealth Court which is clearly at odds with the system

of pleading established by our rules of civil procedure and which clearly misapprehends the standard by which a court is to judge a preliminary objection in the nature of a demurrer. Due to the far reaching consequences of the continued application of these standards by the Commonwealth Court and the lower courts bound by its holdings, I believe we should address the merits of this appeal. Thus, I respectfully dissent.

This case arises from an incident in which the remains of appellee's mother, Elizabeth Callsen, were transferred from Albert Einstein Medical Center (Einstein) to appellant, Temple University Hospital (Temple), by appellant, the Humanity Gifts Registry (HGR), for use in anatomical studies pursuant to the Uniform Anatomical Gift Act (UAGA), 20 Pa.C.S. § 8601 *et seq.* and the Disposition of Dead Human Bodies Act (DDHB), 35 Pa.S. § 1091 *et seq.* Appellee alleges in its complaint that this transfer occurred after Einstein had been erroneously informed on two occasions by Cheltenham York Nursing Home, where Mrs. Callsen had resided prior to her admission to Einstein, that Mrs. Callsen had no family. (Amended Complaint, averments 42–44).

Appellee subsequently filed a complaint against the HGR and Temple alleging that both had been negligent in failing to follow the statutory procedures for disposition of a deceased person's remains and that their conduct was grossly negligent and outrageous.

Appellants filed preliminary objections in the nature of a demurrer, which were sustained by the trial court. The trial court held that Temple and HGR had no duty under the UAGA to search out a decedent's relatives or guardian. In addition, the trial court held that even if they had such a duty, Temple and the HGR were acting in good faith, and therefore were immune from liability under § 8607(c) of the UAGA and granted appellants' demurrer. On appeal, the Commonwealth Court reversed. We then granted allocatur.

The standard of review in addressing a trial court's decision to sustain a demurrer is well established. As we stated in

*Buchanan v. Brentwood Federal Savings & Loan Association,*
457 Pa. 135, 320 A.2d 117 (1974),

A demurrer admits as true all well-pleaded facts and all inferences reasonably deducible from them, but not any conclusions of law ... Only if "upon the facts averred, the law says with certainty that no recovery is permitted," ... will this court sustain the demurrer. "Where a doubt exists as to whether a demurrer should be sustained this should be resolved in favor of overruling it"

457 Pa. at 139, 320 A.2d at 120.

In her complaint, appellee asserts that appellants negligently breached their duty to notify decedent's relatives of her death despite the fact that the records provided to appellants indicated no next of kin existed. Under these facts, however, appellee is not entitled to recovery since neither the UAGA or DDHB imposes a duty on appellants to search for relatives of a decedent when the decedent's medical records indicate that the decedent has no family.

Appellee argues that such a duty can be inferred from due process guarantees which require notice before an individual's property may be seized. In support of this assertion, appellant cites *Brotherton v. Cleveland,* 923 F.2d 477 (6th Cir.1991), and *Arnaud v. Odom,* 870 F.2d 304 (5th Cir.1989), *cert. denied,* 493 U.S. 855, 110 S.Ct. 159, 107 L.Ed.2d 117 (1989). These cases, however, involved incidents in which medical examiners either ignored or deliberately failed to check records indicating that the deceased had next of kin who should have been notified. Mrs. Callsen's records, however, made no such showing. Indeed, on two occasions Albert Einstein Medical Center was informed by Cheltenham York Nursing Home that Mrs. Callsen had no family.

The trial court was correct in concluding that no duty to search exists under these circumstances. (Trial Court Opinion at p. 6–7). To require a donee hospital to conduct a search for unidentified next of kin who may not even exist would clearly frustrate the purposes of the UAGA and DDHB. Since no duty exists, the facts averred in appellee's complaint

are legally insufficient, and a demurrer was properly granted by the trial court.

Furthermore, even if such a duty does exist, appellants are nonetheless immune from liability. Under 20 Pa.C.S. § 8607, a donee of anatomical gifts is immune from liability so long as the donee acts in good faith. Appellee's complaint merely alleges that appellant acted in a negligent manner. Accordingly, appellants are immune from suit under § 8607.[1]

Appellee correctly notes that under Pa.R.C.P. 1030 immunity defenses must be raised as new matter not as preliminary objections. The Commonwealth Court, however, did not address this issue, instead holding that petitioner's preliminary objections should be denied on the ground that further proceedings might reveal bad faith on the part of appellants. Such a holding, resting as it does on the premise that respondent will be allowed to prove facts that are not averred in its complaint, is clearly at odds with our system of pleading which requires a party to set forth in the complaint those facts which he wishes to establish at trial. *See* Pa.R.C.P. 1019. Further, the Commonwealth Court's holding clearly misapprehends the standard set forth by this court in *Buchanan, supra,* under which a court is only to consider the facts averred in a complaint when ruling upon a preliminary objection in the nature of a demurrer.

The holding of the Commonwealth Court misconstrues both the standard we have set forth for reviewing a trial court's decision to grant a demurrer, and our rules of civil procedure. Nevertheless, the Courts of Common Pleas of this Commonwealth are now bound by the Commonwealth Court's erroneous decision. I therefore believe we were correct in granting allocatur in this matter, and that we should address the merits of this appeal. Thus, I respectfully dissent.

1. In addition, even if appellee has alleged such bad faith at least one of the appellants in this case, The Humanity Gifts Registry, would nonetheless be immune from suit under the Sovereign Immunity Act, 42 Pa.C.S. § 8521 *et seq.* since the Commonwealth has not waived its immunity to actions involving intentional torts.

NIX, C.J., did not participate in the consideration or decision of this case.

CAPPY, J., joins in this dissenting statement.

MONTEMURO, J., is sitting by designation.